# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**JAMES RODGERS, Individually**
**and on Behalf of All Others**
**Similarly Situated**

                    **Plaintiffs,**
    **VS.**

**WHITTEN CONCRETE, CO.,**
**LLC, LYNN M.**
**CASTLEBERRY and**
**KEVIN CASTLEBERRY**

                    **Defendants.**

**Case No. 4:21-cv-167-BRW**

## ANSWER

Come now the Defendants, Whitten Concrete, Co., LLC ("Whitten Concrete"), Lynn M. Castleberry, and Kevin Castleberry (collectively "Defendants"), by and through their counsel, Gill Ragon Owen, P.A., and for their Answer to Plaintiff's Original Complaint—Collective Action (the "Complaint"), state:

## I.        PRELIMINARY STATEMENTS

1.        Defendants admit that Plaintiff purports to bring an action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 *et seq*. ("AMWA"), but deny any wrongdoing or unlawful conduct or that Plaintiff is entitled to any damages or other relief. Except as specifically admitted, Defendants deny each and every allegation contained in Paragraph 1 of the Complaint.

2.        Defendants admit that Plaintiff seeks a declaratory judgment, money damages,

liquidated damages, prejudgment interest, and attorney's fees and costs but denies any wrongdoing or unlawful conduct or that Plaintiff is entitled to any damages or other relief of any kind. Defendants deny having a policy or practice of failing to pay proper overtime compensation under the FLSA and the AMWA. Except as specifically admitted, Defendants deny each and every allegation contained in Paragraph 2 of the Complaint.

## II.      JURISDICTION AND VENUE

3.      The allegations contained in Paragraph 3 of the Complaint are statements of legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff purports to invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Except as explicitly admitted, Defendants deny the allegations in Paragraph 3.

4.      Defendant deny that the Complaint sufficiently alleges violations of the AMWA. Upon information and belief, Defendants admit that this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a). Except as explicitly admitted, Defendants deny the allegations in Paragraph 4.

5.      Based upon information and belief, Defendant admits venue is proper within the Eastern District of Arkansas. Except as specifically admitted, Defendants deny each and every allegation in Paragraph 5 of the Complaint.

## III.      THE PARTIES

6.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and, therefore, Paragraph 6 is denied.

7.      Paragraph 7 of the Complaint is admitted.

8.      Paragraph 8 of the Complaint is admitted.

9.      Paragraph 9 of the Complaint is admitted.

10.    Paragraph 10 of the Complaint is admitted.

11.    Defendants admit that Whitten Concrete has a website address of https://www.whittenconcrete.net. Defendants deny all allegations in Paragraph 11 of the Complaint not specifically admitted herein.

## IV.    FACTUAL ALLEGATIONS

12.    Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs of the Complaint.

13.    Defendants deny that individuals working for Whitten Concrete through a prison work-release program are "employees" under the FLSA and, accordingly, Paragraph 13 of the Complaint is denied.

14.    The allegations in Paragraph 14 are statements of legal conclusions to which no response is required. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and, therefore, deny the allegations in Paragraph 14.

15.    Defendants admit that Whitten Concrete's annual gross volume of sales made or business done is not less than $500,000.00 in each of the three years preceding the filing of the Original Complaint. To the extent further responses is required, Defendants deny all remaining allegations in Paragraph 15 of the Complaint.

16.    Paragraph 16 of the Complaint is admitted.

17.    Defendants admit that Lynn Castleberry is actively involved in operating Whitten Concrete and in the management therefore. To the extent further response is required, Defendants deny all allegations in Paragraph 17 of the Complaint not specifically admitted herein.

18.     Defendants admit Lynn Castleberry supervised Plaintiff's work, determined Plaintiff's work schedule and made decisions regarding Plaintiff's pay. Defendants deny all allegations in Paragraph 18 of the Complaint not specifically admitted herein.

19.     Defendants admit that Lynn Castleberry had some authority over Plaintiff's work schedule, Whitten Concrete's pay policies and Plaintiff's day-to-day job duties. Defendants deny all allegations in Paragraph 19 of the Complaint not specifically admitted herein.

20.     Denied.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Defendants admit that Lynn Castleberry owns and operates Whitten Concrete and that Whitten Concrete is a concrete supply company. Defendants deny that Kevin Castleberry owns Whitten Concrete.

25.     Denied.

26.     Defendants admit that Plaintiff was paid an hourly wage. Defendant deny all remaining allegations in Paragraph 26 of the Complaint.

27.     Defendants admit that Whitten Concrete employed Plaintiff as an hourly-paid laborer from approximately June of 2019 through approximately October of 2020. Defendants deny that Plaintiff was ever employed as a foreman. Defendants deny all remaining allegations in Paragraph 27 of the Complaint not specifically admitted herein.

28.     Defendants admit that, prior to October of 2020, Plaintiff participated in a prison work-release program and worked for Whitten Concrete through said program. Plaintiff also worked as a laborer after his release from prison from approximately October 26, 2020 through

October 30, 2020. Defendants deny all remaining allegations in Paragraph 28 of the Complaint not specifically admitted herein.

29.     Defendants admit that Whitten Concrete employed hourly-paid employees within the three years preceding the filing of the Complaint. Defendants are without sufficient information to admit or deny Plaintiff's claims that these hourly-paid employees were "laborers," as that term is not defined in the Complaint. Accordingly, Defendants deny all allegations in Paragraph 29 of the Complaint not specifically admitted herein.

30.     Defendants admit that Whitten Concrete has employed hourly-paid employees who have participated in a prison work-release program, including many employees who performed labor for Whitten Concrete. Defendants deny all remaining allegations in Paragraph 30 of the Complaint not specifically admitted herein.

31.     Defendants admit that Plaintiff's duties while employed by Whitten Concrete primarily included pouring concrete for septic tanks and cleaning the molds. Defendants deny all remaining allegations in Paragraph 31 of the Complaint not specifically admitted herein.

32.     Defendants admit that other Whitten Concrete employees had duties similar to Plaintiff's. Defendants deny all remaining allegations in Paragraph 32 of the Complaint not specifically admitted herein.

33.     Defendants deny that Defendants directly hired Plaintiff or any other individuals working for Whitten Concrete through the prison work-release program. Defendants admit that Plaintiff and others working for Whitten Concrete through the prison work-release program were paid wages, but deny that wages were paid directly to Plaintiff or other individuals working for Whitten Concrete through the prison work-release program. Defendants admit that Whitten Concrete generally controlled Plaintiff's work schedule, duties, assignments and employment

conditions, and the work schedules, duties, assignment and employment conditions of other individuals working for Whitten Concrete through the prison work-release program. Defendants admit that Whitten Concrete maintains some employment records related to Plaintiff and other individuals who worked for Whitten Concrete through the prison work-release program. Defendants deny each and every remaining allegation in Paragraph 33 of the Complaint not specifically admitted herein.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Defendants admit that other individuals working for Whitten Concrete through the prison work-release program had similar schedules as Plaintiff. Defendants deny that any such individuals worked 8 hours per day, 7 days a week as alleged in Paragraph 36, or that any such individuals worked the number of hours per week that Plaintiff alleges to have worked in Paragraph 36 of the Complaint. Defendants deny all remaining allegations in Paragraph 36 of the Complaint not specifically admitted herein.

38.     Defendants deny each and every allegation in Paragraph 38 of the Complaint.

39.     Defendants deny that Plaintiff was paid $8.50 per hour for each hour worked up to 40 each week, and deny that Plaintiff was paid only "up to" $340.00 per week. Pleading affirmatively, Defendants assert that Plaintiff was paid in excess of $8.50 per hour at all times.

40.     Denied.

41.     Defendants admit that other individuals performing work for Whitten Concrete through the prison work-release program were paid hourly rates similar to the rate paid to Plaintiff. Defendants deny all remaining allegations in Paragraph 41 of the Complaint.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

47.     Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs of the Complaint.

48.     Defendants acknowledge that Plaintiff purports to bring a FLSA collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and on behalf of the alleged "similarly situated" individuals described in Paragraph 48 of the Complaint. Defendants deny that a collective action is appropriate. Defendants deny that Plaintiff or any person on whose behalf Plaintiff seeks to assert a claim are entitled to damages or relief of any kind, including the damages described in subparagraphs (A) – (C) of Paragraph 48 of the Complaint. Except as specifically admitted, Defendants deny each and every allegation in Paragraph 48 of the Complaint.

49.     Defendants admit that Plaintiff purports to represent a group of individuals described in Paragraph 49 of the Complaint but deny that conditional certification is appropriate and deny all allegations in Paragraph 49 not specifically admitted herein.

50.     The allegations contained in Paragraph 50 of the Complaint are statements of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.     Denied.

52.     Defendants admit that members of the proposed FLSA class were paid hourly. Defendants are without sufficient information to admit or deny whether all members of the proposed FLSA collective worked hours over forty in at least one week within the three years preceding the filing of this lawsuit and, therefore, said allegation is denied. Defendants deny that members of the proposed FLSA collective were subject to a common policy of requiring "Laborers" to work off the clock, and deny that members of the proposed collective were subject to a common policy of failing to pay "Laborers" for all hours worked. Defendants deny all allegations in Paragraph 52 of the Complaint not specifically admitted herein.

53.     Defendants are without sufficient information to admit or deny what Plaintiffs believes and, accordingly, Defendants deny each and every allegation in Paragraph 53 of the Complaint. Defendants further deny that the collective class proposed by Plaintiff exceeds ten (10) persons.

54.     Defendants admit that they can readily identify the names of individuals who have worked for Whitten Concrete through the prison work-release program in the preceding three (3) years. Defendants admit that Whitten Concrete currently employs individuals through the prison work-release program. Defendants deny all allegations in Paragraph 54 of the Complaint not specifically admitted herein.

55.     Defendants admit that the names of individuals who have worked for Whitten Concrete through the prison work-release program in the preceding three (3) years are available to Defendants. Defendants admit that a physical mailing addresses for certain individuals currently employed by Whitten Concrete through the prison work-release program are available to Defendants. Defendants deny that they have a current physical mailing address for all individuals who have worked from Whitten Concrete through the prison work-release program in the

preceding three (3) years. Defendants deny all remaining allegations in Paragraph 55 of the Complaint not specifically admitted herein.

56.     Defendants deny that the email addresses of the individuals who have worked for Whitten Concrete through the prison work-release program in the preceding three (3) years are available to Defendants, and deny all remaining allegations in Paragraph 56 of the Complaint.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violation)

57.     Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding paragraphs of the Complaint.

58.     Defendants admit that Plaintiff purports to bring claims for damages and declaratory relief, but deny any wrongdoing or unlawful conduct or that Plaintiff or any other individual on whose behalf Plaintiff seeks to represent are entitled to any damages or other relief of any kind.  Except as specifically admitted, Defendants deny each and every allegation contained in Paragraph 58 of the Complaint.

59.     The allegations contained in Paragraph 59 of the Complaint are statements of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     The allegations in Paragraph 60 of the Complaint contain statements of legal conclusions to which not response is required and 29 U.S.C. §§ 206 and 207 speak for themselves. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations in Paragraph 60 of the Complaint and, therefore, Paragraph 60 is denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violation)

70.    Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding allegations in the Complaint.

71.    Defendants acknowledge that Plaintiff purports to assert a claim for damages and declaratory relief, but deny that any claim is properly asserted, and further deny any wrongdoing or unlawful conduct or that Plaintiff is entitled to any damages or other relief of any kind. Except as specifically admitted, Defendants deny each and every allegation contained in Paragraph 71 of the Complaint.

72.    The allegations contained in Paragraph 72 of the Complaint are statements of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violation)

84.    Defendants incorporate by reference, as if fully set forth herein, their responses to the preceding allegations in the Complaint.

85.    Defendants acknowledge that Plaintiff purports to bring a claim for damages and declaratory relief under the AMWA, but deny that Plaintiff is entitled to damages or relief of any kind. Except as specifically admitted, Defendants deny each and every allegation in Paragraph 85 of the Complaint.

86.    Denied.

87.    The allegations in Paragraph 87 of the Complaint contain statements of legal conclusions to which not response is required and Sections 210 and 211 of the AMWA speak for themselves. To the extent a response is required, Defendants are without sufficient information to admit or deny the allegations in Paragraph 87 of the Complaint and, therefore, Paragraph 87 is denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.     Denied.

94.     Denied.

95.     Defendants deny that Plaintiff is entitled to any relief sought in his Prayer for Relief.

96.     Defendants reserve the right to plead further.

97.     Defendants reserve the right to amend their Answer.

98.     Defendants deny each and every allegation contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted and, accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the Complaint fails to plead that Plaintiff's work was performed without legal compulsion and that his compensation was set and paid by Defendants.

2.      Defendants assert that Plaintiff's claims, as well as any opt-in plaintiff and any other person on whose behalf Plaintiff seeks to assert a claim, are barred in whole or in part by the applicable statute of limitations.

3.      Defendants assert that Plaintiff and other individuals performing work pursuant to a prison work-release program are not "employees" for purposes of the FLSA or AMWA.

4.      Defendants assert that Plaintiff, as well as any opt-in plaintiff and any other person on whose behalf Plaintiff seeks to assert a claim, is not similarly situated to the members of the proposed FLSA collective for purpose of the FLSA.

5.      Defendants assert that the circumstances do not warrant equitable tolling and, in the event the Court certifies an FLSA collective action, the statute of limitations for any potential opt-

in plaintiff should continue to run until any such plaintiff files a written consent form opting into the suit.

6.      Defendants assert that Plaintiff cannot satisfy the requirements for a collective action under the FLSA, thus barring collective action treatment.

7.      Defendants affirmatively plead that it acted reasonably and in good faith towards Plaintiff and others with respect to compensation.

8.      Defendants assert that Plaintiff, as well as any opt-in plaintiff and any other person on whose behalf Plaintiff seeks to assert a claim, has been paid in accordance with the requirements of the FLSA and AMWA.

9.      Defendants assert that Plaintiff, as well as any opt-in plaintiff and any other person on whose behalf Plaintiff seeks to assert a claim, is not entitled to recover liquidated damages because Defendants at all times acted in good faith.

10.     Defendants assert that Plaintiff's claims are barred to the extent Plaintiff cannot establish that any act or omission of Defendants were willful within the meaning of the FLSA or AMWA.

11.     Defendants assert that Plaintiff's claims, as well as the claims of any opt-in plaintiff and any other person on whose behalf Plaintiff seeks to assert a claim, are barred, in whole or in part, under the doctrines of payment, setoff, release, estoppel, failure to mitigate, ratification and waiver.

12.     Defendants assert that to the extent that the time for which Plaintiff alleges that he or others have not been compensated involves only insubstantial or insignificant periods of time, these periods are "*de minimis*" and are not compensable under the FLSA.

13.     Defendants assert that any alleged violation is excused pursuant to Sections 10 and

11 of the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq*.

14.     Defendants assert that the Complaint fails to state a claim for liquidated damages upon which relief can be granted and, therefore, that any claim for liquidated damages should be dismissed with prejudice.

15.     Defendants reserve any and all defenses available under the FLSA and AMWA.

16.     As a separate alternative affirmative defense to the Complaint, Defendants allege that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, accord and satisfaction, estoppel, failure of consideration, illegality, laches, license, and res judicata.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendants have had an opportunity to complete discovery. Therefore, Defendants incorporate all said affirmative defenses as if fully set forth herein.

17.     Defendants reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, the Defendants, Whitten Concrete, Co., LLC, Lynn M. Castleberry, and Kevin Castleberry, respectfully request that Plaintiff's Original Complaint be dismissed with prejudice, that Defendants be awarded all fees and costs associated with this matter and for all other just and proper relief to which they may be entitled.

Dated this 17th day of March, 2021:

Respectfully submitted,

Danielle W. Owens
Ark. Bar No. 2009192
Dylan H. Potts
Ark. Bar No. 2001258
Attorneys for Defendant
GILL RAGON OWEN, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800
(501) 372-3359 (fax)
dowens@gill-law.com
potts@gill-law.com

**ATTORNEYS FOR DEFENDANTS**